IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SAXON INNOVATIONS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 6:09cv270 |
| CASIO COMPUTER CO., LTD.,<br>a Japanese Corporation, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| CASIO CORPORATION<br>OF AMERICA, INC.,<br>a Delaware Corporation, | ) ) ) ) | |
| KYOCERA CORPORATION,<br>a Japanese Corporation, | ) ) ) | |
| KYOCERA INTERNATIONAL, INC.,<br>a California Corporation, | ) ) ) | |
| KYOCERA WIRELESS CORPORATION,<br>a California Corporation, | ) ) ) | |
| KYOCERA AMERICA, INC.,<br>a California Corporation, | ) ) ) | |
| SANYO ELECTRIC CO., LTD.,<br>a Japanese Corporation, | ) ) ) | |
| SANYO NORTH AMERICA<br>CORPORATION,<br>a Delaware Corporation, | ) ) ) ) | |
| SIERRA WIRELESS AMERICA, INC.<br>a Delaware Corporation, | ) ) ) | |
| SIERRA WIRELESS, INC.,<br>a Canadian (B.C.) Corporation, | ) ) ) | |
| PANASONIC CORPORATION,<br>a Japanese Corporation, | ) ) ) ) | |

| | |
|---|---|
| PANASONIC CORPORATION OF NORTH AMERICA, a Delaware Corporation, | ) ) ) ) |
| PANASONIC CONSUMER ELECTRONICS COMPANY, a Delaware Corporation, and | ) ) ) ) ) |
| PANASONIC ELECTRONIC DEVICES CORPORATION OF AMERICA. a Delaware Corporation, | ) ) ) ) ) ) |
| UTSTARCOM, INC., a Delaware Corporation | ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Saxon Innovations, LLC (Saxon) alleges against Defendants Casio Computer Co., Ltd., Casio Corporation of America, Inc., Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corporation, Kyocera America, Inc., Sanyo Electric Co., Ltd., Sanyo North America Corporation, Sierra Wireless America, Inc., Sierra Wireless, Inc., Panasonic Corporation, Panasonic Corporation of North America, Panasonic Consumer Electronics Company, Panasonic Electronic Devices Corporation of America, and UTStarCom, Inc. (collectively "Defendants") as follows:

### JURISDICTION

1.  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2

**VENUE**

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) because plaintiff Saxon is incorporated in this judicial district, and is subject to personal jurisdiction here.

**THE PARTIES**

3.    Plaintiff Saxon Innovations, LLC is a Texas corporation. Saxon maintains corporate offices at 100 E. Ferguson, Suite 816, First Place, Tyler, TX 75702. Saxon is in the business of developing and licensing technology related to communications products.

4.    On information and belief, Defendant Casio Computer Co., Ltd. is a foreign corporation organized and existing under the laws of Japan, with its principal place of business at 6-2, Hon-machi, 1-chome, Shibuya-ku, Tokyo, 151-8543, Japan. On information and belief, Defendant Casio Corporation of America, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 570 Mount Pleasant Ave., Dover, New Jersey 07801. Casio Computer Co., Ltd. and Casio Corporation of America, Inc. are herein collectively referred to as "Casio."

5.    Casio is in the business of making, offering for sale, selling and using electronic products including but not limited to cellular phones; business and consumer electronics; and other products employing integrated circuits and components having processors, memory, and communication features.

6.    On information and belief, Defendant Kyocera Corporation is a foreign corporation organized and existing under the laws of Japan, with its principal place of business located at 6 Takeda Tobadono-cho, Fushimi-ku, Kyoto, 612-8501, Japan. On information and belief, Defendant Kyocera International, Inc. is a corporation organized and

existing under the laws of the State of California, with its principal place of business located at 8611 Balboa Ave., San Diego, CA 92123. On information and belief, Kyocera Wireless Corp. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 10300 Campus Point Dr., San Diego, CA 92121. On information and belief, Kyocera America, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 8611 Balboa Ave., San Diego, CA 92123. Kyocera Corporation, Kyocera International, Inc., Kyocera Wireless Corp., and Kyocera America, Inc. are herein collectively referred to as "Kyocera."

7.   Kyocera is in the business of making, offering for sale, selling and using electronic products including but not limited to cellular phones; computer and entertainment media products; business and office equipment; copiers; cameras; communication modem products; and other products employing integrated circuits and components having processors, memory, and communication features.

8.   On information and belief, Defendant Sanyo Electric Co., Ltd. is a foreign corporation organized and existing under the laws of Japan, with its principal place of business at 5-5 Keihan Hondori, 2-chome, Moriguchi, Osaka 570-8677, Japan. On information and belief, Defendant Sanyo North America Corp., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2055 Sanyo Ave., San Diego, CA 92154. Sanyo Electric Co., Ltd. and Sanyo North America Corp. are herein collectively referred to as "Sanyo."

9.   Sanyo is in the business of making, offering for sale, selling and using electronic products including but not limited to cellular phones; televisions; personal, home, and automotive media players; consumer entertainment systems; and other products

4

employing integrated circuits and components having processors, memory, and communication features.

10. On information and belief, Defendant Sierra Wireless, Inc. is a foreign corporation organized and existing under the laws of Canada, with its principal place of business at 13811 Wireless Way, Richmond, British Columbia V6V 3A4, Canada. On information and belief, Defendant Sierra Wireless America, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2290 Cosmos Ct, Carlsbad, CA 92011. Sierra Wireless, Inc. of Canada and Sierra Wireless America, Inc. of Delaware are collectively referred to herein as "Sierra."

11. Sierra is in the business of making, offering for sale, selling and using electronic products including but not limited to cellular communication cards and products for enabling communications over wireless networks; and other products employing integrated circuits and components having processors, memory, and communication features.

12. On information and belief, Defendant Panasonic Corporation is a foreign corporation organized and existing under the laws of Japan, with its principal place of business at 1006 Oaza Kadoma, Kadoma, Osaka 571-8501, Japan. On information and belief, Defendant Panasonic Corporation of North America is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at One Panasonic Way, Secaucus, NJ 07094. On information and belief, Defendant Panasonic Consumer Electronics Company is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at One Panasonic Way, Secaucus, NJ 07094. On information and belief, Defendant Panasonic Electronic Devices Corporation of America is a corporation organized and existing under the laws of the state

of Delaware, with its principal place of business at 5105 S. National Dr., Knoxville, TN 37914. Panasonic Corporation, Panasonic Corporation of North America, Panasonic Consumer Electronics Company, and Panasonic Electronic Devices Corporation of America are collectively referred to herein as "Panasonic."

13. Panasonic is in the business of making, offering for sale, selling and using electronic products including but not limited to cellular phones; cameras; televisions; personal, home, and automotive media players; home theater systems and other consumer entertainment systems; and other products employing integrated circuits and components having processors, memory, and communication features.

14. On information and belief, Defendant UTStarCom, Inc. ("UTStarCom") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1275 Harbor Bay Parkway, Alameda, CA 94502.

15. UTStarCom is in the business of making, offering for sale, selling and using electronic products including but not limited to cellular phones; WiFi handsets; modems; products for enabling communications over wireless networks; and other products employing integrated circuits and components having processors, memory, and communication features.

## COUNT I

### (Infringement of U.S. Patent No. 5,592,555)

16. On January 7, 1997, United States Patent No. 5,592,555 (the '555 Patent), for an invention entitled "Wireless Communications Privacy Method and System," was duly and legally issued by the United States Patent Office (a copy of the '555 Patent is attached herewith as Exhibit A). Saxon is the owner of the '555 Patent.

17. On information and belief, Casio, Kyocera, Sanyo, Sierra, Panasonic, and UTStarCom, have been and still are infringing, contributing to the infringement of, and/or inducing the infringement of the '555 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention and will continue to do so unless enjoined by this Court.

18. Saxon has been damaged by Casio, Kyocera, Sanyo, Sierra, Panasonic, and UTStarCom's infringement, which will continue unless enjoined by this Court.

## COUNT II

(Infringement of U.S. Patent No. 5,502,689)

19. On March 26, 1996, United States Patent No. 5,502,689 (the '689 Patent), for an invention entitled "Clock Generator Capable of Shut-Down Mode and Clock Generation Method," was duly and legally issued by the United States Patent Office (a copy of the '689 Patent is attached herewith as Exhibit B). Saxon is the owner of the '689 Patent.

20. On information and belief, Casio, Kyocera, Sanyo, Sierra, Panasonic, and UTStarCom have been and still are infringing, contributing to the infringement of, and/or inducing the infringement of the '689 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention and will continue to do so unless enjoined by this Court.

21. Saxon has been damaged by Casio, Kyocera, Sanyo, Sierra, Panasonic, and UTStarCom's infringement, which will continue unless enjoined by this Court.

## COUNT III

<u>(Infringement of U.S. Patent No. 5,247,621)</u>

22.     On September 21, 1993, United States Patent No. 5,247,621 (the '621 Patent), for an invention entitled "System and Method for Processor Bus Use," was duly and legally issued by the United States Patent Office (a copy of the '621 Patent is attached herewith as Exhibit C).  Saxon is the owner of the '621 Patent.

23.     On information and belief, Casio, Kyocera, Sanyo, Sierra, Panasonic, and UTStarCom have been and still are infringing, contributing to the infringement of, and/or inducing the infringement of the '621 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention and will continue to do so unless enjoined by this Court.

24.     Saxon has been damaged by Casio, Kyocera, Sanyo, Sierra, Panasonic, and UTStarCom's infringement, which will continue unless enjoined by this Court.

## COUNT IV

<u>(Infringement of U.S. Patent No. 5,483,577)</u>

25.     On January 9, 1996, United States Patent No. 5,483,577 (the '577 Patent), for an invention entitled "Single Chip Telephone Answering Machine, Telephone, Speakerphone, and ADSI Controller," was duly and legally issued by the United States Patent Office (a copy of the '577 Patent is attached herewith as Exhibit D).  Saxon is the owner of the '577 Patent.

26.     On information and belief, Panasonic has been and is still infringing, contributing to the infringement of, and/or inducing the infringement of the '577 Patent by

making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention and will continue to do so unless enjoined by this Court.

27.     Saxon has been damaged by Panasonic's infringement, which will continue unless enjoined by this Court.

## COUNT V

### (Infringement of U.S. Patent No. 5,530,597)

28.     On June 25, 1996, United States Patent No. 5,530,597 (the '597 Patent), for an invention entitled "Apparatus and Method for Disabling Interrupt Masks in Processors or the Like," was duly and legally issued by the United States Patent Office (a copy of the '597 Patent is attached herewith as Exhibit E).  Saxon is the owner of the '597 Patent.

29.     On information and belief, Sierra has been and is still infringing, contributing to the infringement of, and/or inducing the infringement of the '597 Patent by making, selling, using, offering for sale, and/or importing into the United States products embodying the patented invention and will continue to do so unless enjoined by this Court.

30.     Saxon has been damaged by Sierra's infringement, which will continue unless enjoined by this Court.

**WHEREFORE**, Saxon prays for judgment and relief as follows:

A.      A preliminary and permanent injunction against Defendants' continued infringement, inducing of infringement, and contributing to infringement of the '555, '689, '621, '577, and/or '597 patents (collectively the "patents in suit");

B.      An award of damages in favor of Saxon and against Defendants sufficient to compensate Saxon for Defendants' infringement of the patents in suit, and an assessment of prejudgment interest and post-judgment interest;

    C.    A finding by the Court that this case is exceptional under 35 U.S.C. § 285;

    D.    An award to Saxon of its reasonable expenses, including attorneys' fees, and costs of this action; and

    E.    Such other and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff Saxon hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

_____
T. John Ward, Jr.
State Bar No. 00794818
**WARD & SMITH LAW FIRM**
111 W. Tyler St.
Longview, Texas 75601
Phone (903) 757-6400
Fax (903) 757-2323
E-mail: jw@jwfirm.com

Attorneys for Plaintiff

OF COUNSEL:

William D. Belanger
Michael T. Renaud
Pepper Hamilton LLP
Suite 1010
101 Federal Street
Boston, MA 02110
Phone (617) 956-4350
Fax (617) 956-4351