**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

SAXON INNOVATIONS, LLC,

          Plaintiff,

v.

CASIO COMPUTER CO., LTD., et al.,

          Defendants.

Case No. 6:09-cv-270 (JDL)

**JURY TRIAL DEMANDED**

## DISCOVERY ORDER

      After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1.    **Disclosures.**  On or before June 14, 2010, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.    the correct names of the parties to the lawsuit;

    B    the name, address, and telephone number of any potential parties;

    C.    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    D.    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a  brief, fair summary of the substance of the information known by such person;

    E.    any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    F.    any settlement agreements relevant to the subject matter of this action;

    G.    any statement of any party to the litigation;

2.    **Additional Disclosures.**  Each party shall provide to every other party the following information:

    A.    the disclosures required by the Court's Patent Rules in accordance with the

deadlines set forth in said rules and the Court's Docket Control Order. Documents in this action shall be produced in any manner, at the discretion of the producing party, as permitted by the Federal Rules of Civil Procedure or in any other mutually agreeable manner;

B.      to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], on or before June 29, 2010 and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action.   By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

C.      On or before June 29, 2010 a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3.      **Testifying Experts.**  The parties agree that Plaintiff shall be entitled to five (5) testifying expert witnesses, and Defendants shall be entitled to five (common) testifying expert witnesses and three (3) testifying expert witnesses per Defendant group.  Defendant Group is defined for the purpose of this agreement as those parties who are related corporate entities. By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

A.      The expert's name, address, and telephone number;

B.      The subject matter on which the expert will testify;

C.      A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);

D.      If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;

E.      If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

(1)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

---

[1]   The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

(2)    the expert's current resume and bibliography.

4.    **Discovery Limitations.**

A.    **Interrogatories:**    Plaintiff may serve up to twenty (20) interrogatories collectively on the Defendants, and up to fifteen (15) additional individual interrogatories per Defendant group. The Defendants shall be allowed twenty (20) collective interrogatories and fifteen (15) additional individual interrogatories per Defendant group.

B.    **Requests for Admission:**    The following limits will apply to requests for admission served in this case:

(1)    Except as indicated below, Plaintiff may serve up to fifty (50) requests for admission collectively on the Defendants, and up to fifty (50) additional individual requests for admission per Defendant group. The Defendants shall be allowed fifty (50) collective requests for admission and fifty (50) additional individual requests for admission per Defendant group.

(2)    **Requests for admission regarding the admissibility of documents:** Prior to serving any request for admission regarding the admissibility of documents, each party agrees to request that the opposing party stipulate to the admissibility of such documents. If the opposing party fails to stipulate to the admissibility of all such documents within two weeks of such request for stipulation, the requesting party may service on the opposing party requests for admission on all documents whose admissibility has not been stipulated. The parties are allowed an unlimited number of requests for admission regarding the admissibility of documents.

C.    The parties may serve subpoenas for third parties to produce documents. The parties will serve each other with copies of any third party subpoenas on the same day the subpoena or notice is served on the third party.  The parties will serve each other with copies of any documents produced by third parties pursuant to subpoena within three (3) business days of receipt.  In no event shall a party serve such documents less than three (3) business days before any deposition of the third party from whom the documents were originally produced.

D.    **Depositions:**   The parties agree to the following limits on depositions in this case:

(1)    **Depositions of Parties Pursuant to Fed. R. Civ. P. 30(b)(6) and Depositions of Employees of a Party Pursuant to Fed. R. Civ. P. 30(a)(1):**  The Plaintiff may take up to one hundred ten (110) hours of deposition testimony of the Defendants, such time to be split according to the discretion of the Plaintiff, but in no case shall exceed forty (40) hours for any Defendant or, if commonly represented, Defendant Group.  The Defendants, jointly, may take up to 33 common hours of deposition

testimony of the Plaintiff, such time to be split according to agreement by the Defendants.  In addition, each Defendant, or if commonly represented, each group of Defendants, may take up to seven (7) hours of deposition testimony of the Plaintiff.  Depositions taken pursuant to Fed. R. Civ. P. 30(a)(1) are limited to seven (7) hours per witness, unless such witness is one of the inventors named in the patents-in-suit, in which case the limits on deposition testimony are listed below.  Depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) are limited by only the limits on the total number of deposition hours agreed to above.

(2)     **Depositions of Inventors:**  The Defendants, jointly, may take up to ten (10) total common hours of deposition testimony of each inventor in their individual capacity for each patent-in-suit, such time to be split according to agreement by the Defendants, and subject to any restrictions placed on such depositions by a Court of competent jurisdiction ruling on a protective order sought by representatives of such inventor(s).  Time taken by Defendants to depose an inventor is not counted against the 21 common hours referenced in 4(D)(1) above.  The Plaintiff may, at its option, take up to seven (7) hours of deposition testimony of each inventor of the patents-in-suit that is not employed or associated with Plaintiff, subject to any restrictions placed on such depositions by a court of competent jurisdiction ruling on a protective order sought by a representative of such inventor(s).

(3)     **Depositions of Prosecuting Attorneys:**  The Defendants, jointly, may take up to eight (8) common hours of deposition testimony of each of the prosecuting attorneys for each patent-in-suit, such time to be split according to agreement of the Defendants.  Time taken by Defendants to depose the prosecuting attorneys is not counted against the 21 common hours referenced in 4(D)(1) above.

(4)     **Depositions of Experts:**  The Plaintiff may take up to twenty one (21) hours of deposition testimony of experts identified by Defendants on the topic of non-infringement, such time not to exceed seven (7) hours per Defendant or, if commonly represented, Defendant group. The Plaintiff may take up to twenty one (21) hours of deposition testimony of experts identified by the Defendants on the topic of damages, such time not to exceed seven (7) hours per Defendant or, if commonly represented, Defendant group.  The Plaintiff may take up to 28 hours of deposition testimony of experts identified by the Defendants on the topic of invalidity, such time not to exceed seven (7) hours per patent-in-suit.  The Plaintiff may take up to 14 hours of deposition testimony of experts identified by the Defendants on the topic of inequitable conduct.

Each Defendant or, if commonly represented, Defendant Group may take up to seven (7) hours of deposition testimony of experts identified by Plaintiff on each of the topics of infringement and damages.

4

The Defendants, collectively, may take up to twenty-eight (28) hours of deposition testimony of the experts identified by Plaintiff on the topic of invalidity, such time not to exceed seven (7) hours per patent-in-suit. The Defendants, collectively, may take up to fourteen (14) hours of deposition testimony of the experts identified by Plaintiff on the topic of inequitable conduct, such time to be split according to agreement of the Defendants.

(5)   **Depositions of Third Parties:**  The parties agree that there is no limit on the number of depositions of third parties that are neither inventors nor prosecuting attorneys of any patent-in-suit subject to any restrictions imposed by a Court of competent jurisdiction ruling on a protective order sought by any such third party.

(6)   **Depositions on Written Questions:**  The parties agree that there are no limits on the number of depositions upon written questions taken pursuant to Fed. R. Civ. P. 31.

(7)   **Cross-Examination Testimony:**  The parties agree that time spent by one party on cross-examination of a witness called by another party does not count towards the time limits regarding deposition testimony agreed to above.

(8)   **Modification of Deposition Limits**:  The parties agree to meet and confer in good faith as necessary as discovery progresses regarding possible modifications to the deposition limitations set forth in paragraphs 4(D)(1) - (7).

E.   **Expert Discovery.**  A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) in this case are exempt from discovery. In addition, all communications with, and all materials generated by, a testifying expert with respect to his work on this case are exempt from discovery unless relied upon by the expert in forming his opinions. The expert must produce his or her final report and all materials on which he or she relied.

5.   **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.  If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.  Except as

necessary to comply with P.R. 3-7, the parties are not required to include on their privilege logs any protected documents that came into existence on or after the date of the filing of the Complaint.

Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party.  Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s).  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

6.     **Pre-trial Disclosures.**  By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

A.     The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

B.     The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

C.     An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.     **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8.     **Exchange of Disclosures.**  If feasible, counsel shall meet to exchange disclosures

required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9.  **Notification of the Court.**  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10. **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Requests for Production.**  Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.  The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12. **Discovery Disputes.**  Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13. **Discovery Conferences.**  Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of the meeting.  Attendance by proxy is not permitted.  Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

14. **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.  Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15. **Protective Orders.**  A party may request that the Court issue the Protective Order. However, a party may propose to modify the terms of the Protective Order for good cause.  The Court authorizes the parties to file any document that is subject to a protective order under seal.  The parties shall comply with the protective order entered in this case.

16.     **Courtesy Paper Copies.**  In cases pending before this Court, the parties are exempt from complying with Local Rule CV-5 which requires that paper copies be provided to the presiding judge's chambers if a document exceeds five pages in length.  Paper copies will not be accepted by this Court unless specifically requested.

17.     **Hearing Notebooks.**  With the exception of *Markman* notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested.  However, the Court may request hearing notebooks in specific instances.

18.     **E-Filing.**  The parties agree to accept service by electronic mail of all documents not filed with the Court.  Except for good cause shown or as provided in the Local Rules, all documents (with exception of those documents referenced in the local rules) in cases pending in this Court shall be filed electronically.  This includes notices of disclosure, notices of no privilege issues, proposed orders, and mediator's reports.  The file in each case is maintained electronically.  Neither the clerk's office nor the Court will maintain a paper file except as provided in the local rules.

When filing electronically, the Court prefers:

(i)     that documents be published to PDF and then filed with the Court rather than filing scanned documents;

(ii)    proposed orders be included as attachments to motions filed rather than incorporated within the body of the filed motion;

(iii)   proposed orders should NOT contain an "it is so ordered" designation, signature line, or date line since this information is contained in the Judge's electronic signature stamp; and

(iv)    proposed orders should NOT contain the word "Proposed" in the title of the document.

**So ORDERED and SIGNED this 30th day of March, 2010.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE